J-A32014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN CHARLES FRANKLIN | : | |
| | : | |
| Appellant | : | No. 1973 MDA 2016 |

Appeal from the Judgment of Sentence October 26, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004985-2014

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 04, 2018**

Stephen Charles Franklin appeals from the judgment of sentence imposed October 26, 2016, in the Dauphin County Court of Common Pleas. Franklin was sentenced to an aggregate term of 18 to 60 months' incarceration, following his jury conviction of two counts of possession with intent to deliver controlled substances ("PWID").[1]   On appeal, Franklin challenges only the sufficiency of the evidence supporting his convictions.  For the reasons below, we affirm.

The facts presented at Franklin's jury trial are summarized by the trial court as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. § 70-113(a)(30).

Trooper William Dubbs, employed by the Pennsylvania State Police, executed a controlled drug buy on March 5, 2014, at approximately 12:00 noon. Trooper Dubbs met with a [female] confidential informant (CI). The CI was searched by Trooper Dubbs and he found no drugs or contraband. The CI, via a phone conversation, was instructed to go to the area of Derry and 61st Street, at the Sheetz in Swatara Township, Daupin County. Trooper Dubbs testified that they were to purchase $100 worth of crack. That amount was provided to the CI in serialized funds and Trooper Dubbs drove the CI to the agreed-upon location. Once there, the trooper and the CI sat in the parking lot and communicated back and forth with the target. At approximately 1:45 p.m. a gold Lexus pulled into Sheetz, and the CI received a call from the seller. The CI was instructed to follow the Lexus to the business right across the street from 61st Street. Trooper Dubbs and the CI pulled into that parking lot with the Lexus. At that point, the trooper observed [] Franklin get out of the Lexus. The CI exited Trooper Dubbs' vehicle and met [Franklin]. Trooper Dubbs also testified that Detective Gary Flythe, Detective Corey Dickerson, Detective Tillman, Trooper Oweller, and Corporal Taylor were all in the vicinity of the drug-buy. Trooper Dubbs observed the CI and [Franklin] momentarily walk around [Franklin's] car. At that point they were near Detective Flythe's vehicle. The CI then returned to Trooper Dubbs' vehicle. The CI got into the trooper's car, handed him a bag of crack cocaine,[1] and they drove to another location in Dauphin County to meet Corporal Taylor. The CI was then searched once again and released.

_____

[1] The parties stipulated that the contents of the bag … contains cocaine, a Schedule II substance, the total weight of the contents of the bag being .62 grams. The parties further stipulated that the forensic scientist received the bag in an undisturbed, sealed evidence envelope.

_____

On July 30, 2014, another drug buy was conducted by a CI with Trooper Dubbs. The CI told the officers that a purchase of $100 of crack cocaine would be executed. Trooper Dubbs observed the CI make the phone call and they were instructed to drive to Cloverly Street off of 13th Street in Harrisburg. Trooper Dubbs testified that he and Detective Wilt transported the CI to

Detective Wilt's vehicle to the agreed-upon location. Upon turning onto Cloverly Street, Trooper Dubbs observed [] Franklin sitting on a concrete wall. The CI exited the car, and Trooper Dubbs saw [Franklin] lay something to the left of himself on the wall. The CI reached down and picked it up and put the serialized money on the wall. The officers had a visual observation of the CI throughout the entire drug buy. The CI then returned directly to Detective Wilt's vehicle, handed over the crack cocaine,[2] and they drove to a secured location in Dauphin County, where the CI was searched. The CI was then released.

---

[2] The parties stipulated that the contents of Commonwealth exhibit #5 contains a total of .55 grams of cocaine.

---

Detectives Gary Flythe and Corey Dickerson also testified for the Commonwealth regarding the March 5th, 2014 drug buy, and both detectives' observations were consistent with Trooper Dubbs' account of the transaction.

Trial Court Opinion, 4/21/2017, at 1-3.

Franklin was subsequently arrested and charged with two counts of PWID, and one count of criminal use of communication facility.[2] The case proceeded to a jury trial, and, on August 26, 2016, the jury returned a verdict of guilty on both PWID charges, but not guilty on the charge of criminal use of a communication facility. On October 25, 2016, the trial court sentenced Franklin to two concurrent terms of 18 to 60 months' imprisonment. This timely appeal followed.[3]

---

[2] *See* 18 Pa.C.S. § 7512(a).

[3] On December 22, 2016, the trial court ordered Franklin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Franklin's sole issue on appeal is a challenge to the sufficiency of the evidence. Our review of a sufficiency claim is well-settled:

> "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Weiss*, 565 Pa. 504, 776 A.2d 958, 963 (2001), *cert. denied,* 535 U.S. 1101, 122 S.Ct. 2303, 152 L.Ed.2d 1059 (2002). It [is] incumbent upon the Superior Court to consider all of the evidence introduced at the time of trial, and apparently believed by the fact finder[.] "In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence." *Commonwealth v. Watkins*, 577 Pa. 194, 843 A.2d 1203, 1211 (2003).

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007).

Here, Franklin was convicted of two counts of possession with intent to deliver controlled substances, one for each of the controlled buys completed by the CI. *See* 35 P.S. § 780-113(a)(30). He contends, however, the Commonwealth failed to establish he delivered illegal drugs to the CI in exchange for money. *See* Franklin's Brief at 16. In support of his argument, Franklin emphasizes the following: (1) the informant did not testify and did not electronically record any of her alleged transactions with Franklin; (2)

---

Franklin complied with the court's directive, and filed a concise statement on January 2, 2016.

because the police did not arrest Franklin immediately after the transactions, they did not recover any of the "serialized buy money" they provided to the CI; (3) there was no evidence presented, which linked Franklin to the vehicle in the first transaction or the residence in the second transaction; (4) the physical description of the person interacting with the informant did not match Franklin's physique at trial; (5) the police did not perform a thorough body search of the CI before the transactions; (6) the police did not observe a hand-to-hand transaction during either controlled buy; and (7) no witness observed Franklin take the money the CI left on the wall during the second transaction. *See* Franklin's Brief at 15-16, 18-19. Based on these evidentiary discrepancies, Franklin contends the evidence was insufficient to establish he sold cocaine to the CI on March 5th and July 30th.

The trial court, in summary fashion, concluded the testimony of the Commonwealth's witnesses, whom the jury found credible, was sufficient to demonstrate Franklin sold cocaine to a CI on two occasions. *See* Trial Court Opinion, 4/21/2017, at 4. We agree.

Our review of the record reveals the following. Trooper Dubbs described, in detail, the procedure he employs when utilizing a CI to purchase drugs from a target, and testified that he followed that procedure when conducting the controlled buys herein. *See* N.T., 8/25-26/2016, at 64-66. At the March 5, 2014, controlled buy, Trooper Dubbs, as well as Detectives Flythe and Dickerson, who were both conducting surveillance of the transaction, testified the CI and Franklin were the only two people in the area when the

drug buy occurred. ***See id.*** at 27, 48, 68. Detective Flythe explained he observed the informant exit Trooper Dubbs' vehicle and meet up with Franklin. ***See id.*** at 27. He described their interaction as follows: "They gave each other a hug briefly. And then they turned their backs to me briefly for maybe 30 seconds and then they turned back around and the CI came walking back to Trooper Dubbs' vehicle." ***Id.*** Furthermore, Detective Flythe took a picture of Franklin during the encounter, which the Commonwealth published to the jury at trial. ***See id.*** at 28-30. The testimony of Detective Dickerson and Trooper Dubbs corroborated Detective Flythe's account of the transaction. ***See id.*** at 47-48, 68-69. When the CI returned to Trooper Dubbs' vehicle, she handed the trooper a bag of crack cocaine. ***See id.*** at 69. She was then taken to a secure location, where she was again searched and released. ***See id.*** at 70.

With regard to the July 30, 2014, controlled buy, Trooper Dubbs testified the CI was instructed to meet Franklin at a specified location. ***See id.*** at 77-78. When they arrived, the trooper observed Franklin sitting on a concrete wall. ***See id.*** at 78. Trooper Dubbs explained that as the CI exited his car, he "observed [Franklin] lay something to the left of him on the wall." ***Id.*** at 78. He further testified: "Upon the confidential informant walking up to Mr. Franklin, the [CI] reached down and picked up what was laying beside him and at that point laid the money on the wall." ***Id.*** at 78-79. Trooper Dubbs stated there was no one else in the area, and the CI met only with Franklin. ***See id.*** at 79. After doing so, the CI returned "directly" to the trooper's

vehicle, and handed Trooper Dubbs a rolled up one dollar bill with crack cocaine inside of it. ***Id.*** The informant was, once again, taken to a secure location where she was searched before being released. ***See id.*** at 80. It merits emphasis that Trooper Dubbs positively identified Franklin as the person the CI purchased cocaine from on both March 5th and July 30th.[4] ***See id.*** at 84-85.

Accordingly, the testimony of the Commonwealth's witnesses was sufficient for the jury to conclude Franklin sold cocaine to a CI on two occasions. With regard to Franklin's specific claims, we note there is no requirement that a CI testify at trial, or that the Commonwealth provide an electronic recording of the transaction. ***See Commonwealth v. Watson***, 69 A.3d 605, 607 (Pa. Super. 2013) ("The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source.") (quotation omitted). It is also not dispositive that the serialized buy money was not recovered from the seller, or that the Commonwealth failed to link Franklin to the vehicle or residence where the transactions occurred. Indeed, the testimony of the officers who observed the encounters, which the jury obviously found credible, was sufficient to identify Franklin. Moreover, Franklin ignores the fact that the Commonwealth also showed the jury a picture Detective Flythe took at the March 5, 2014, controlled buy, which depicted Franklin meeting with the CI. ***See id.*** at 28-30.

---

[4] Both Detectives Flythe and Dickerson positively identified Franklin as the person the CI met on March 5, 2014. ***See id.*** at 31, 49.

Furthermore, to the extent Franklin emphasizes the police did not observe a hand-to-hand exchange of drugs for money, we note the circumstantial evidence presented by the Commonwealth was sufficient for the jury to infer Franklin gave the CI cocaine in exchange for money. Indeed, Trooper Dubbs explained that the CI was thoroughly searched both before each transaction and after meeting briefly with Franklin when she returned to the officer's vehicle with the drugs.[5] Moreover, the officers testified there was no one else in the vicinity when the exchanges took place. Based upon this circumstantial evidence, the jury acted well within its discretion when it found Franklin guilty of two counts of PWID.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2018

---

[5] Franklin's arguments concerning the scope of the search of the informant goes to the weight of the evidence supporting his convictions, not the sufficiency.